JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
leslie.a.goemaat@usdoj.gov
richard.m.rolwing@usdoj.gov
john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18-CR-365-JNP-BCW |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S BRIEF REGARDING TESTIMONY OF ATTORNEY'S FEES |
| LEV ASLAN DERMEN, a/k/a Levon Termendzhyan, | : | |
| Defendant. | : | District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

Now comes the United States of America, by and through its undersigned counsel, and respectfully provides the following brief regarding whether information regarding the payment of attorney fees is privileged. It is not. The Tenth Circuit has held:

> **Matters relating to receipt of fees from a client are not usually privileged**, *Ibid.* at 638, and *United States v. Ponder*, 5 Cir., 475 F.2d 37, 39. The reason is that the payment of a fee is not normally a matter of confidence or a communication. Absent confidentiality, the privilege does not apply. *Securities and Exchange Commission v. First Security Bank of Utah*, 10 Cir., 447 F.2d 166, 167, cert. denied 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729.

*United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) (emphasis added). "In order to be covered by the attorney-client privilege, a communication between a lawyer and a client must relate to legal advice or strategy sought by the client." *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir.1998).

District of Utah Magistrate Judge Warner addressed this question in an un-published opinion, holding that "**money paid to an attorney is not protected by attorney client-privilege** and, therefore, [the defendant] cannot withhold this information on that basis." *Dunham v. Lawyers Title Ins. Co.*, No. 2:11-CV-96-DB-PMW, 2013 WL 4498724, at *3 (D. Utah Aug. 21, 2013) (emphasis added) (citing *Johnston*, 146 F.3d at 794 and *Hodgson*, 492 F.2d at 1177).

Notwithstanding defense counsel's assertion that payment arrangements are privileged under California *state law*, the Ninth Circuit has held otherwise. *See United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir. 1999) (holding that attorney billing records "are not protected by the attorney-client privilege."); *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992) ("Accordingly, the attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client.").

Finally, even if this information was privileged – and it clearly is not under Tenth Circuit and Ninth Circuit precedent – the privilege was waived by the witness's testimony. The Tenth Circuit has explained because confidentiality is key to the privilege, "[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party." *United States v. Ryans*, 903 F.2d 731, 741 n. 13 (10th Cir. 1990). The Tenth Circuit has stated, "the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant." *Id.* Here, neither

the witness nor his attorney – who was informed at the beginning of proceedings that he could make objections on behalf of his client – asserted the attorney-client privilege. Accordingly, even if this information was at one point privileged, that privilege has been waived.

Finally, Courts have acknowledged that payment of attorneys' fees is relevant to bias. *United States v. Coviello*, 225 F.3d 54, 69 (1st Cir. 2000) ("To show bias, it was relevant to show that Maxine might pay for Bowdoin's attorney's fees at trial; that Maxine in fact had paid these fees during the grand jury proceedings; and that Crazy Bob's lawyers had provided the prior representation."); *United States v. Frazier*, 944 F.2d 820, 823–27 (11th Cir. 1991) (allowing evidence of source of defendant's attorney's fees to show, in perjury prosecution, the defendant's motive to cover up for her employer); *United States v. Simmons*, 923 F.2d 934, 948–49 (2d Cir. 1991) (holding that when members of alleged conspiracy all used same attorney, and one member paid for attorney, the multiple representation could be used to show the association between clients provided other evidence existed of the association).

Accordingly, testimony by a witness as to who paid his attorney's fees is not privileged and it is relevant as to the possible bias of the witness.

Respectfully submitted this 3rd of March 2020.

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
RICHARD M. ROLWING
ARTHUR J. EWENCZYK
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

Certificate of Service

I certify that on the 3rd of March 2020, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*/s/ Leslie A. Goemaat*
Leslie A. Goemaat
Special Assistant United States Attorney