IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACOB ORTELL KINGSTON,
ISAIAH ELDEN KINGSTON,
RACHEL ANN KINGSTON,
SALLY LOUISE KINGSTON, and
LEV ASLAN DERMEN,

Defendants.

Case No. 2:18-cr-00365-JNP

**ZUBAIR KAZI'S VERIFIED PETITION ASSERTING THIRD-PARTY INTEREST**

Petitioner ZUBAIR KAZI ("Petitioner"), through his counsel, pursuant to Title 21 U.S.C. § 853(n), asserts his vested interest in forfeited property in the above-captioned case and petitions this Court for a hearing to adjudicate the validity of his interest in the subject property, namely, the "'Kazi loan receivable' identified as the outstanding amount of principal and interest due on June 21, 2013, loan to Zubair Kazi in the amount of $11,226,211.21" listed in the Preliminary Order of Forfeiture dated March 24, 2023 (Dkt. 1397, page 12 of 13).

FACTUAL BACKGROUND

1. On or about April 6, 2023, Petitioner, through his attorneys, received a Notice of Order of Forfeiture & Rights in the matter of *United States v. Jacob Ortell Kingston, et al.*, Case No. 2:18-cr-00365-JNP (**Exhibit A**), which purportedly puts him on notice of his right to claim an interest

in property forfeited by Defendants in their criminal case. As detailed below, no such "Kazi loan receivable" exists nor is "outstanding amount of principal and interest" due.

2. On November 30, 2011, the Honorable Melvin L. Schweitzer, New York State Supreme Court Justice, issued an order and judgment ("Judgment") against Petitioner and two companies he controls in the sum of approximately $17,074,061.56, in favor of, among other plaintiffs, General Electric Capital Business Asset Funding Corporation of Connecticut ("GE").

3. On or about June 20, 2013, Petitioner was compelled by court order to pay $11,226,211.21 to GE within 24 hours, in full satisfaction of the Judgment, or alternativity, transfer company stock in satisfaction of the Judgment.

4. Petitioner did not have $11,226,211.21. Consequently, Petitioner arranged for his former friend, Defendant Lev Aslan Dermen ("Dermen"), to transfer $11,226,211.21 directly to GE.

5. Dermen directed the $11,226,211.21 transfer to go through Washakie Renewable Energy LLC ("Washakie"). Petitioner understood Washakie to be controlled by Defendant Jacob Kingston ("Kingston"), whom Petitioner also understood to be Dermen's de facto business partner.

6. On or about June 21, 2013, Washakie wired $11,226,211.21 to GE in full satisfaction of the Judgment.

7. Petitioner did not know that the $11,226,211.21 was sourced by Washakie via ill-gotten gains.

8. At the time Washakie paid the GE debt on Petitioner's behalf, Petitioner intended to file a countersuit against GE for damages of $33 million relating to a prior financing agreement. Petitioner initially represented to Dermen and Kingston that the proceeds of this lawsuit could pay off the $11,226,211.21.

9. About one week later, Kingston demanded Petitioner provide collateral for the $11,226,211.21. Accordingly, to secure the $11,226,211.21, Washakie and Lion's Aviation LLC ("Lion's"), a company Petitioner understood Dermen to control, placed liens on nine of Petitioner's real estate assets.

10. When Petitioner asked Dermen to direct Washakie and Lion's to release the liens so that he could sell his nine properties, Dermen required Petitioner to agree to open a joint bank account that allowed Dermen to control the deposits as security for the balance due on the $11,226,211.21. Petitioner and Dermen opened a joint account (account number ending 3140) with Bank of America on or about August 27, 2013.

11. In October 2013, Petitioner deposited $2 million into account ending 3140 ("Initial Security"). **Exhibit B**.

12. On or about June 4, 2014, Dermen withdrew $1 million from account ending 3140. *See* **Exhibit C**.

13. In or about August 2014, Washakie and Lion's attempted to foreclose on the liens that had been placed on Petitioner's nine properties. In response, on August 15, 2014, Petitioner filed a lawsuit against, among other defendants, Washakie and Lion's to prevent foreclosure, in part, because Petitioner's family lived in one of these properties, and Petitioner also desperately needed the proceeds from the sales of these properties to pay his wife's debt.

14. This dispute settled via a Confidential Settlement and General Release Agreement (**Exhibit D**, "Agreement") in February 2015.

15. Key terms within Section 1 of the Agreement read as follows:

> (b) That certain payments are to be made by a Zubair Kazi solely owned entity, Kazi Foods to **Lion's** …

> **(c) That Washakie … [has received], or shall [receive], adequate certain consideration from Lion's for the purpose of entering into this Agreement, including, but not limited to the releases stated herein:**
>
> **(d) That upon receipt in the amount of the first $140,000 ("Payable Sum") under the Payment Documents from Kazi Foods, Inc., Washakie and Lion's shall execute and have recorded, within five (5) days of the receipt of the Payable Sum, the Substitution of Trustee and Deed of Full Reconveyance to all the real properties named in the Lawsuit against which Deeds of Trust have been recorded by Washakie and Lion's; and**
>
> **(e) The dismissal of the Lawsuit with prejudice …**
>
> (emphasis added).

16. Section 6(e) of the Agreement continues:

> In satisfaction of Section 1(c) of this Agreement, Lion's represents that [it] has paid or will pay good and valuable consideration to … Washakie … and Washakie … represent[s] that they have received good and valuable consideration from Lion's for the purpose of this Agreement and Release.

17. Lastly, Section 8 reads:

> This Agreement shall inure to the benefit of, and shall be binding upon, the heirs, successors, and assigns of the parties hereto and each of them.

18. On February 6, 2015, Washakie and Lion's released the liens and reconveyed the deeds of trust.

19. On February 20, 2015, Petitioner made an initial payment of $210,000 (i.e., the Payable Sum plus $70,000)("Initial Payment") pursuant to the terms of the Agreement. **Exhibit E.**

20. Consequently, when Washakie accepted consideration from Lion's for the purpose of entering into the Agreement, Washakie surrendered and released all rights, title and interest in the "Kazi loan receivable".

21. Therefore, the order of forfeiture is invalid because the right, title, or interest in the $11,226,211.21 was not vested in Washakie, the corporation that is the subject of the Superseding Indictment. Moreover, Petitioner is a bona fide purchaser for value of all right, title,

and interest in the "Kazi loan receivable" and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture.

22. After Washakie surrendered its interest, Dermen and Petitioner entered into a new, oral agreement, where, as consideration for any amounts that Petitioner had not already paid back of the $11,226,211.21, Dermen would, instead, share equally (50%) in the net recovery that Petitioner obtained from Petitioner's countersuit against GE (*see* ⁋8, *supra*).

23. In 2019, Petitioner settled the lawsuit he filed against GE for $250,000.00. Accordingly, pursuant to Petitioner's agreement with Dermen, Dermen is entitled to 50% of the settlement, which is, at best, $125,000.00 (before deduction of fees and costs), not $11,226,211.21. As Petitioner had already paid $3,260,000.00 (*see* ⁋27, *infra*) – substantially more than $125,000 – Petitioner not only owed nothing further on the $11,226,211.21 but was owed the difference back.

24. Even if, *arguendo*, Petitioner owed Dermen anything under the oral agreement to share in the GE lawsuit proceeds (which he doesn't), Petitioner's obligation to pay Dermen first arose in 2019 when the GE suit settled and Petitioner failed to pay; thus, pursuant to California law, the two-year statute of limitations expired in 2021.

25. Therefore, Petitioner exclusively enjoys all legal right, title, or interest in the "Kazi loan receivable" and such right, title, or interest renders the order of forfeiture invalid because the right, title, or interest was vested in the Petitioner rather than the Defendants or was superior to any right, title, or interest of the Defendants at the time of the commission of the acts which gave rise to the forfeiture of the property.

26. Notably, on or about April 23, 2015, Dermen withdrew another $1 million from account ending 3140. *See* **Exhibit F**.

27. Petitioner made other payments as shown in **Exhibit G.**

28. Indeed, Petitioner continued to make payments until July 14, 2016. Around that time, the Government instructed Petitioner to stop paying Dermen. Petitioner complied.

29. When - consistent with the Government's instruction - Petitioner ceased making payments in August 2016, Dermen demanded full payment and threatened to file a lawsuit, thereby accelerating any balance that might be due on the $11,226,211.21. Pursuant to California's six-year statute of limitation, any claim under the Agreement or affiliated note expired in August 2022.

30. In total, Petitioner paid Dermen $3,260,000.00. **Exhibit G**. This sum includes Dermen's two $1 million withdrawals of June 4, 2014, and April 23, 2015, respectively.

31. Therefore, Petitioner has a legal right, title, or interest in the "Kazi loan receivable" and such right, title, or interest renders the order of forfeiture invalid because the right, title, or interest was vested in Petitioner rather than the defendants or was superior to any right, title, or interest of the defendants at the time of the commission of the acts which gave rise to the forfeiture of the property.

32. Even if, *arguendo*, Petitioner did not have an interest, right, or title to the "Kazi loan receivable" (which he does), the greatest possible balance due would be <u>$7,966,211.21</u>, not $11,226,211.21.

<u>RELIEF</u>

33. For these reasons, Petitioner has a superior and exclusive legal right, title, or interest in the alleged "'Kazi loan receivable' identified as the outstanding amount of principal and interest due on June 21, 2013, loan to Zubair Kazi in the amount of $11,226,211.21" that renders the order of forfeiture invalid. Moreover, pursuant to the Agreement, Defendants waived and

released all rights, title and interest in the "Kazi loan receivable" and, in addition, Petitioner is a bona fide purchaser for value of the right, title, or interest in the "Kazi loan receivable" and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture.

34. Petitioner respectfully requests the Court to amend the Preliminary Order of Forfeiture by excluding the "Kazi loan receivable" from the final judgment of forfeiture.

35. Petitioner is entitled to recovery of costs, expenses, and attorney's fees consistent with 28 U.S.C. § 2412 and 28 U.S.C.S. § 2465(b), and other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### A. Violation of Due Process

36. Petitioner was barred from participating in proceedings where rulings were made that have resulted in Petitioner being deprived of his property interests without due process of law in violation of the due process clause in the Fifth and Fourteenth Amendments of the U.S. Constitution.

### B. Statute of Limitations

37. The United States' claim for forfeiture is barred in whole or in part by the applicable statute of limitations.

### C. Violation of Equal Protection

38. Treatment or making a distinction towards a person based on the group, class, or category to which that person belongs or is perceived to belong is unlawful discrimination that violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution. The United States unconstitutionally seeks forfeiture of Petitioner's property because of Petitioner's actual or perceived membership to a certain group or social category.

Executed this 5th day
of June, 2023.

Respectfully submitted,

______________________
DENNIS C. VACCO

**VERIFICATION OF ZUBAIR KAZI**

I, Zubair Kazi, declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief:

Executed this 5 day of June, 2023.

Zubair Kazi

# Exhibit A

**U.S. Department of Justice**

TRINA A. HIGGINS
United States Attorney
District of Utah

REPLY TO:
Travis K. Elder
Assistant United States Attorney
Travis.Elder@usdoj.gov

Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

(801) 524-5682
(800) 949-9451
Direct: (801) 325-3260

April 6, 2023

**Via e-mail:**
**mjt@andreozzibluestein.com**

**Zubair Kazi**
**c/o Michael Tedesco**

Re: Notice of Order of Forfeiture & Rights
*United States v. Jacob Ortell Kingston, et al.* | Case No. 2:18-cr-00365-JNP (District of Utah)

Dear Mr. Kazi:

The United States District Court for the District of Utah recently ordered that certain property be forfeited to the United States in the above-referenced criminal case. The enclosed Order of Forfeiture identifies the properties subject to forfeiture. By this letter, you have actual notice of the forfeiture of that property. This letter is only intended to apprise you of your rights and does not imply that you have a legally valid interest in any of the forfeited property.

You may respond to this notice in three ways. If you do not want to claim an interest in any of the property listed in the Order of Forfeiture, no further action is necessary. Otherwise, you may file a third-party petition with the Court and/or submit a petition for remission to the Attorney General.

**Requirements for Filing a Judicial Petition**

Should you have a valid legal interest in the forfeited property, the procedure for filing a petition to adjudicate that interest in federal court is set out in 21 U.S.C. § 853(n).[1] If you choose to file a petition claiming an interest in the forfeited property, you must file it ***within 30 days of receiving this letter*** by mailing it to the United States District Court, Room 150, 351 South West Temple, Salt Lake City, UT 84101, under the above-listed case number. Additionally, you must send a copy to: Travis K. Elder, Assistant United States Attorney, 111 South Main Street, Suite 1800, Salt Lake City, UT 84111.

As set out in 21 U.S.C. § 853(n)(3), your petition must describe under penalty of perjury: (i) the particular property or properties in which you claim a legal right, title, or interest; (ii) the nature and extent of such right, title, or interest in each property; (iii) the time and circumstances of your acquisition of the right, title, and interest in each property; (iv) any additional facts and documents supporting your claim; and (v) the relief you seek. If you fail to timely file a judicial petition to assert your legal interest in the forfeited property, any right, title, and interest you claim in this property shall be lost and forfeited to the Government.

**Requirements for Submitting a Petition for Remission**

Alternatively, or in addition to filing a petition in court, you may submit a petition for remission to the Attorney General, the requirements for which are found in 28 C.F.R. § 9. A petition for remission presumes the validity of the forfeiture, but requests that the forfeited property nevertheless be released to you. The petition for remission must be submitted ***within 30 days of receipt of this letter*** and ask that the Attorney General return the forfeited property to you or recognize your interest in the forfeited property. The petition must be submitted to the Attorney General, Attn: Travis K. Elder, Assistant United States Attorney, 111 South Main Street, Suite 1800, Salt Lake City, UT 84111. Further instructions and a form petition may be found at https://www.forfeiture.gov/FilingPetition.htm. This petition is separate and distinct from the petition described above that must be filed with the court.

**Expedited Settlement**

Finally, our records indicate that you may have an interest in real property sought for forfeiture in the Order of Forfeiture. If you wish to request expedited consideration and settlement of your interest, please send your request to travis.elder@usdoj.gov ***within 10 days*** of receiving this letter. Include with your request a brief statement explaining why your interest should not be

[1]A petitioner must demonstrate that (1) petitioner's legal right, title, or interest in the property was vested in petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture, or (2) petitioner was a *bona fide* purchaser for value of the right, title, or interest in the property and at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture.

forfeited and attach the primary documentation that supports your interest including any applicable deeds, lien paperwork, tax statements, ledgers, financial statements, lease/rental agreements, etc.

Very truly yours,

TRINA A. HIGGINS
United States Attorney

TRAVIS K. ELDER
Assistant United States Attorney

Enclosure: Order of Forfeiture

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON,<br>ISAIAH ELDEN KINGSTON,<br>RACHEL ANN KINGSTON,<br>SALLY LOUISE KINGSTON, and<br>LEV ASLAN DERMEN,<br><br>Defendants. | Case No. 2:18-cr-00365-JNP<br><br>PRELIMINARY ORDER OF FORFEITURE<br><br>Judge Jill N. Parrish |

1. As a result of guilty pleas to Count 1 in the Second Superseding Indictment, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349, Jacob Ortell Kingston, Isaiah Elden Kingston, Rachel Ann Kingston, and Sally Louise Kingston (the "Kingston Defendants") must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. As a result of guilty pleas to Count 23 of the Second Superseding Indictment, Conspiracy to Commit Concealment Money Laundering in violation of 18 U.S.C. § 1956(h), the Kingston Defendants must forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

3. As a result of guilty pleas to Counts 24 and 25 of the Second Superseding Indictment, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), Jacob Ortell Kingston and Isaiah Elden Kingston must forfeit to the United States any property, real or

personal, involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

4. As a result of guilty pleas to Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957 (Jacob: Counts 27-29, 31-42; Isaiah: Counts 31, 33-42; Rachel: Counts 40 and 41), Jacob Ortell Kingston, Isaiah Elden Kingston, and Rachel Ann Kingston must forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

5. As a result of his conviction for Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 (Count 1 of the renumbered Indictment), Defendant Lev Dermen must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6. As a result of his conviction for Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (renumbered indictment Count 2), Lev Dermen must forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

7. As a result of his conviction for Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957 (renumbered indictment Counts 3-10), Lev Dermen must forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

## FORFEITURE OF SPECIFIC ASSETS

8. Based on the information provided in the United States' motion, the Second Superseding Indictment, the guilty pleas of the Kingston Defendants that include their agreements regarding the forfeiture (Jacob Kingston Plea Agreement, ECF No. 439; Isaiah

Kingston Plea Agreement, ECF No. 445; Sally Kingston Plea Agreement, ECF No. 450; Rachel Kingston Plea Agreement, ECF No. 442), the declarations of Special Agent Stephen A. Washburn, the evidence presented at the trial of Lev Dermen, and the evidence presented at the forfeiture hearing held during the week of November 15- 19, 2021, the Court finds that the property and assets listed on Exhibit 1 (included herewith and incorporated herein) are subject to forfeiture, and that the government has established the requisite nexus between the property and assets and the offenses.

**FORFEITURE OF SPECIFIC PROPERTIES**

9. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), all right, title and interest in Assets A- T on Exhibit 1 are forfeited to the United States of America.

**GENERAL ORDERS OF FORFEITURE**

10. As set forth in the Court's November 15, 2022 Memorandum Decision (ECF NO. 1376), all right, title, and interest in the assets and property derived from the proceeds of the Mail Fraud Conspiracy and Money Laundering charges and that have been transferred to the entities listed in Assets U - GG on Exhibit 1 are forfeited to the United States of America.

11. With regard to Assets U- GG on Exhibit 1, which are described in general terms pursuant to Rule 32.2(b)(2)(C), the United States may conduct discovery to determine the location of any such assets, and may move at any time pursuant to Rule 32.2(d) to amend this order to include any assets that have been so located.

**FORFEITURE MONEY JUDGMENTS**

12. Based on the information provided in the government's motion, the Second Superseding Indictment, and the guilty plea of Jacob Kingston (including his agreement to the

imposition of a forfeiture money judgment), and the evidence presented at the Dermen trial, and the evidence presented at the forfeiture hearing held from November 15-19, 2021, the Court finds that the value of property Jacob Kingston obtained from the mail fraud conspiracy was $338,606,523, and that the value of property involved in his money laundering was at least $338,606,523. The Court further finds these funds are unavailable for forfeiture for one or more of the reasons specified in 21 U.S.C. § 853(p).

13. Similarly, the Court finds that the value of the property Dermen obtained from the mail fraud conspiracy was $181,847,376, and the value of property involved in his money laundering was at least $181,847,376. The Court further finds that these funds are unavailable for forfeiture for one or more of the reasons specified in 21 U.S.C. § 853(p).

14. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), the Court imposes against Jacob Ortell Kingston a MONEY JUDGMENT of $338,606,523 related to his Mail Fraud Conspiracy offense.

15. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), 18 U.S.C. § 982(a)(1) & (b)(1), and 21 U.S.C. § 853(p), the Court imposes against Jacob Ortell Kingston a concurrent MONEY JUDGMENT of $338,606,523 related to the Money Laundering offenses to which he pleaded guilty.

16. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), the Court imposes against Lev Dermen a MONEY JUDGMENT of $181,847,376 related to the Mail Fraud Conspiracy offense for which the jury convicted him.

17. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), 18 U.S.C. § 982(a)(1) & (b)(1), and 21 U.S.C. § 853(p), the Court imposes against Lev Dermen a concurrent MONEY

JUDGMENT of $181,847,376, related to the Money Laundering offenses for which the jury convicted him.

18. The United States will move to partially satisfy these money judgments to the extent of the net value it obtains from liquidating any of the properties and assets on Exhibit 1 applicable to each defendant. Although a forfeiture money judgment of $338,606,523 is imposed against Jacob Kingston for his offenses, and a money judgment of $181,847,376 is imposed against Lev Dermen for his offenses, which together total $520,453,899, the United States' may only recover a total of $511,842,773 for their convictions on Count One, and any amount collected in excess of this figure, is forfeitable pursuant to their convictions for the money laundering conspiracy. The only overlap in the judgment amounts exists because both Jacob Kingston and Lev Dermen obtained the $3,000,000 of fraud proceeds used to purchase the real property at 2072 East Creek Road in Sandy, Utah. Accordingly, the United States must credit any funds received from the liquidation of that property to both the money judgment against Jacob Kingston and the money judgment against Dermen. Because the money judgments otherwise reflect only the amounts each defendant obtained, the United States need not credit any other forfeitures applied to Jacob Kingston's money judgment to Dermen's money judgment, and it need not credit any other forfeitures applied to Dermen's money judgment to Jacob Kingston's money judgment.

## General Provisions

19. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3) and the terms of this Order, the Secretary of the Treasury or a designee is authorized to seize the properties and assets listed on Exhibit 1 as well as conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

20. Upon entry of this Order, the Secretary of the Treasury or a designee is authorized to commence any applicable proceeding to comply with statutes governing third-party interests, including giving notice of this Order.

21. In accordance with 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property and assets on Exhibit 1.

22. In accordance with 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n) (applicable to this case under 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c)).

23. In accordance with 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

24. Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

25. Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the property described above following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

26. Under Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the Defendants at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

27. To satisfy the money judgments in whole or in part, the United States may move at any time pursuant to Rule 32.2(e) to amend this order of forfeiture to forfeit substitute property having a value not to exceed $511,842,773 (less any deductions due to partial satisfactions filed by the United States) for Count One, and $520,453,899 for the money laundering conspiracy convictions.

28. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

Dated March 24, 2023.

BY THE COURT:



JILL N. PARRISH
United States District Court Judge

**Exhibit 1**
***Properties Listed on ECF No. 1166***

A. Real property located at:

1. 4400 S. 700 E., Salt Lake City, UT 84107, more legally described as:

   BEG N 0^14'13" E 689.12 FT & S 89^54'15" W 62 FT FR SE COR LOT 1, BLK 6, 10 AC PLAT A, BIG FIELD SUR; S 89^54'15" W 312.5 FT; S 0^14'13" W 230 FT M OR L; N 89^54'15" E 312 5 FT; N 0^14'13" E 229.5 FT TO BEG. 1.65 AC M OR L. 6532-1150 8613-0667 9041-6993 9080-7101 9088-5694, Tax ID: 22-05-151-012-0000

2. 4829 S. 3960 W., Taylorsville, UT 84129, more legally described as:

   LOT 76, SOUTHRIDGE SUB #3. 4122-18 4908-0131 9599-5852 10130-272 10148-5174 10173-1327, Tax ID: 21-08-151-002-0000

3. 4271 S. 1300 E., Salt Lake City, UT 84124, more legally described as:

   BEG S 172.26 FT FR NW COR LOT 4, BLK 2, 10 AC PLAT A, BIG FIELD SUR; S 114.84 FT; E 220 FT; N 114.84 FT; W 220 FT TO BEG. 0.58 AC M OR L. 7135-2631 8939-3115 9075-8415 10127-7898 10657-0269, Tax ID: 22-05-230-032-0000

4. 1415 W. Crystal Ave., West Valley City, UT 84119, more legally described as:

   BEG S 198 FT FR NW COR LOT 12, BLK 12, CHESTERFIELD PLAT A SUB; E 264 FT; S 615.68 FT M OR L; S 79¿06'31" W 203.56 FT; W'LY 65.43 FT ALONG A 1687 FT RADIUS CURVE TO L (CHD S 77¿59'51" W 65.43 FT); N 667.71 FT M OR L TO BEG. 5419-1068 8408-6652 9612-8315 10220-331, Tax ID: 15-22-476-016-0000

5. 1401 W. Crystal Ave., West Valley City, UT 84119, more legally described as:

   Beginning at Point South 198 Feet from the NE Corner of LOT 10, BLOCK 11, CHESTERFIELD PLAT •A•, SUBDIVISION and running thence West 286 feet; thence South 615.68 feet more or less thence North 79 DEG 06'31 • EAST 291.13 feet; thence North 560.65 feet more or less to the point of beginning. Tax ID: 15-22-476-018

6. 13 Acres FM 511 @ FM, Brownsville, TX 78521, more legally described as:

   ESPIRITU SANTO GRANT SHARE 22 13.05 ACS OUT OF 15.48 ACS TRACT F-2 ABST 2. Tax ID: 79-2220-0060-0402-00.

7. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #07-090-

0002), more legally described as:

SE/4 OF SEC 3 T13N R3W SLM. LESS: BEG AT NE COR OF SE/4 OF SEC, W 534.6 FT, SELY ALG N SIDE OF ST HWY 864.6 FT, N 673.2 FT TO BEG. LESS: RES. LESS: 46.33 ACRES TO UDOT. LESS: BEG AT A PT 1593 FT N ALG SEC LINE & 33 FT W OF SE COR OF SD SEC, W 765.7 FT TO E R/W LINE OF INTER- STATE FREEWAY (NO ACCESS LINE), N 1*09`53W 978.0 FT ALG SD LINE M/L TO N BNDRY OF SE/4 OF SD SEC, S 89* 29`05E 212.8 FT ALG N BNDRY OF SD SE/4 OF SD SEC TO W R/W LINE OF CO RD, S 37*01`12"E 951.37 FT ALG SD LINE, S 216.3 FT ALG SD LINE TO POB CONT 93.28 ACRES M/L, Tax No. 07-090-0002.

8. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0004), more legally described as:

   BEG 22 2/3 RDS W of the N/4 COR OF SEC 7, TWP 14N, R 3W, SLM. TH RUNNING W 246 FT, TH S 17 RDS, TH E 246 FT, TH N 17 RDS to BEG. Less tracts deeded to: Raymond G. Yaworsky William D. Marsh. CONT .6 ACRES. Tax No. 08-041-0004

9. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0019), more legally described as:

   BEG AT A PT 538 FT W OF N/4 COR OF SEC 7, TWP 14N, R 3W, SLM. TH W 82 FT, TH S 280.5 FT, TH E 82 FT, TH N 280.5 FT TO BEG. CONT 0.5 ACRES. Tax No. 08-041-0019

10. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0020), more legally described as:

    BEG AT A PT 374 FT W OF N/4 COR OF SEC 7, TWP 14N, R 3W, SLM. TH W 82 FT, TH S 280.5 FT, TH E 82 FT, TH N 280.5 FT TO BEG. CONT 0.5 ACRES. Tax No. 08-041-0020

11. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0025), more legally described as:

    All the following within Portage City limits. BEG at a PT 1321.95 FT S of the N/4 COR SEC 07 T14N R03W SLM US Survey be CO UT, E 3300 FT M/L to CTR/L of Samaria Ditch, N ALG the CTR/L of SD Ditch to a PT 330 FT N of Grantor's PROP/L, W to the W BDY of Grantor's PROP, S 330 FT M/L to POB. CONT 10.23 AC M/L. Tax No. 08-041-0025

12. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-

0026), more legally described as:

All of the following within Portage City limits. N/2 of NE/4 of SEC 07 T14N R03W SLM. Portage. Less: N/2 of W/2 of N/2 of NE/4 of SEC 07. Less: BEG at N/4 COR of SEC 07, N89*57`38"E 2640 FT, S00*28`34"W 660.0 FT, S89*57`38"W 2640 FT, N00*28`34"E 660.0 FT to BEG. Less [08-041-0025]: BEG at a PT 1321.95 FT S of the N/4 COR SEC 07 T14N R03W SLM US Survey be CO UT, E 3300 FT M/L to CTR/L of Samaria Ditch, N ALG the CTR/L of SD Ditch to a PT 330 FT N of Grantor's PROP/L, W to the W BDY of Grantor's PROP, S 330 FT M/L to POB. CONT. 9.77 AC M/L. Tax No. 08-041-0026

13. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0027), more legally described as:

    All the following without Portage City limits. BEG at a PT 1321.95 FT S of the N/4 COR SEC 07 T14N R03W SLM US Survey be CO UT, E 3300 FT M/L to CTR/L OF Samaria Ditch, N ALG the CTR/L of SD Ditch to a PT 330 FT N of Grantor's PROP/L, W to the W BDY of Grantor's PROP, S 330 FT M/L to POB. CONT. 14.77 AC M/L. Tax No. 08-041-0027

14. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-041-0028), more legally described as:

    All the following without Portage City Limits. N/2 of NE/4 of SEC 07 T14N R03W SLM. Less: N/2 of W/2 of N/2 of NE/4 of SEC 07. Less: BEG at N/4 COR of SEC 07, N89*57`38"E 2640 FT, S00*28`34"W 660.0 FT, S89*57`38"W 2640 FT, N00*28`34"E 660.0 FT to BEG. Less [08-041-0027]: BEG at a PT 1321.95 FT S of the N/4 COR SEC 07 T14N R03W SLM US Survey be CO UT, E 3300 FT M/L to CTR/L of Samaria Ditch, N ALG the CTR/L of SD Ditch to a PT 330 FT N of Grantor's S PROP/L, W to the W BDY of Grantor's , S 330 FT M/L to POB. CONT. 10.23 AC M/L. Tax No. 08-041-0028

15. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-042-0018), more legally described as:

    N/2 of NW/4 of SEC 08 T14N R03W SLM. Less: All land lying E of W BDY of OSLRR R/W. Less [08-041-0027]: BEG at a PT 1321.95 FT S of the N/4 COR SEC 07 T14N R03W SLM US Survey be CO UT, E 3300 FT M/L to CTR/L OF Samaria Ditch, N ALG the CTR/L of SD Ditch to a PT 330 FT N of Grantor's S PROP/L, W to the W BDY of Grantor's PROP, S 330 FT M/L to POB. CONT 46.91 AC. Tax No. 08-042-0018.

16. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-045-0005), more legally described as:

LOS 1, 2, 3, W/2 of NE/4, NW/4 of SE/4. Less to ST ROAD COMM. Being in SEC 15, TWP 14N, R 3W, SLM. CONTG 231.20 ACS. Tax No. 08-045-0005

17. Box Elder County, Utah APN: 08-044-0004, more legally described as:

PARCEL 2: LOTS 4, 5, 6, 7, West half of the Southeast quarter of Section 10, Township 14 North, Range 3 West, Salt Lake Base and Meridian. TAX ID: 08-044-0004

18. 24050 N. 600 W. Plymouth, UT 84330 (Box Elder County, UT Parcel #08-052-0008), more legally described as:

BEG N71*W 1350.1 FT FRM SE COR SEC 27 T14N R03W SLM, N40*06`W 435 FT, N19*22`W 240.5 FT, N18*03`W 329.8 FT, N89*38`E 456.2 FT, S00*24`E 876.2 FT TO BEG. ALSO: BEG AT PT 1320 FT W & 1312 FT N FRM SE COR SD SEC 27, W 396 FT TO E R/W/L OF CO RD, N04*40`E 274 FT, N15*20`E 1100 FT M/L TO N/L NW/4 SE/4 SD SEC 27, E 83 FT, S 1332 FT M/L TO BEG. CONT 7.20 AC. Tax No. 08-052-0008

19. 22555 N Frontage Rd, Portage, UT 84331, more legally described as:

LOT 1, BRUCE ZUNDEL SUBDIVISION, as recorded March 26, 2001, as Entry No. 150913, in the office of the BOX ELDER County Recorder. Tax ID: 08-052-0012

20. Box Elder County, Utah APN: 08-052-0014, more legally described as:

The Northwest Quarter of the Southeast Quarter of Section 27, Township 14 North, Range 3 West, Salt Lake Meridian lying West of county road known as Frontage Road. Less: Utah Department of Transportation access road right of way. Less: Parcel No. 08-052-0013, created by Warranty Deed 216956. Tax ID: 08-052-0014

21. Box Elder County, Utah APN: 08-052-0006, more legally described as:

PARCEL 3: Northeast Quarter of Southwest Quarter; Southwest Quarter of Southeast Quarter lying West of county road known as Frontage Road; and the East 31.58 acres of the Southeast Quarter of Southwest Quarter of Section 27, Township 14 North, Range 3 West. Salt Lake Meridian. Less: Lot 1, BRUCE ZUNDEL SUBDIVISION. Less: County road right of way. Tax ID: 08-052-0006

22. Box Elder County, Utah APN: 08-052-0005, more legally described as:

PARCEL 2: The West 5.25 acres of Southwest Quarter of Southwest Quarter of Section 27, Township 14 North, Range 3 West, Salt Lake Meridian. Less: County

road right of way. Tax ID: 08-052-0005

23. Box Elder County, Utah APN: 08-052-0004, more legally described as:

PARCEL 1: Southwest Quarter of Southwest Quarter, less the West 5.25 acres thereof; also the West 8 42 acres of the Southeast Quarter of Southwest Quarter of Section 27, Township 14 North, Range 3 West, Salt Lake Meridian. Tax ID: 08-052-0004

24. 2973 W. Mackay Meadows Pl., Salt Lake City, UT 84119, more legally described as:

LOT 106, MACKAY MEADOWS PL 1. 6866-0032 7355-2536 7817-0236 8523-4181 8859-4054 9021-7075 9789-5886 9790-5261 10195-9627, Tax No. 21-04-103-029-0000

25. 2338 S. 1360 W. Salt Lake City, UT 84119, more legally described as:

LOT 42, RIVERSIDE SUB #2. 5051-495 5186-0210 5650-1495 6268-2706 6997-2651 7012-2186 7524-0538 8381-1643 8431-2037 8459-2888 8462-4873 8646-131 9025-774, Tax No. 15-22-283-010-0000

26. 1305 W. Main, Mesa, AZ 85201 more legally described as:

That portion of the North half of the Southeast quarter of Section 20, Township 1 North, Range 5 East, of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, more particularly described as follows: COMMENCING at the center of said Section 20; THENCE South 00 degree 00' 05" West, a distance of 50.00 feet to a point on the Southerly right-of-way line of West Main Street; THENCE South 89 degrees 59' 55" East, a distance of 1284.79 feet along said right-of-way to the POINT OF BEGINNING; THENCE continuing South 89 degrees 59' 55" East, a distance of 1355.61 feet along the Southerly right-of-way of West Main Street; THENCE South 44 degrees 27' 28" East, a distance of 28.01 feet, measured (South 44 degrees 22' 22" East, a distance of 28.05 feet, record);THENCE South 01 degrees 05' 58" West, a distance of 310.44 feet, measured (310.63 feet, record) to the beginning of a curve to the left; THENCE Southeasterly along said curve through a central angle of 01 degrees 54' 20" and having a radius of 11,514.20 feet, a distance of 382.95 feet; THENCE South 00 degree 48' 22" East, measured (South 01 degrees 54' 20" East, record) a distance of 100.00 feet to the beginning of a curve to the left; THENCE Southerly along said curve through a central angle of 01 degrees 54' 20" and having a radius of 11,404.20 feet, a distance of 121.69 feet; THENCE North 89 degrees 56' 55" West, a distance of 1370.79 feet; THENCE North 00 degree 00' 05" East, a distance of 983.77 feet to the POINT OF BEGINNING;EXCEPT that portion deeded to CABS, L.L.C., an Arizona limited liability company, in Document No. 95-462362, records of Maricopa County, Arizona; and EXCEPT that portion deeded to the City of Mesa in Document No. 96-73629, records of Maricopa County, Arizona; and

EXCEPT that portion deeded to Fazoli's-Nellis, L.L.C., a Kentucky limited liability company, in Document No. 97-347912, records of Maricopa County, Arizona Tax ID: 134-31-005F4

27. 3179 S. Village Pine Cove, West Valley City, UT 84128, more legally described as:

    Lot 1208, HUNTER VILLAGE PHASE 12 SUBDIVISION, according to the official plat thereof as recorded in the Office of the Salt Lake County Recorder. State of Utah Tax ID :14-27-401-027-0000

28. 8228 S. 2700 W., West Jordan, UT 84088, more legally described as:

    Beginning at a point South 0 degree 06'24" West 214.50 feet from the center of Section 33, Township 2 South, Range 1, West Salt Lake Base & Meridian; and running thence South 0 degree 06'24" West 156.75 feet; thence North 89 degrees 59'03" West 305.25 feet; thence North 0 degree 06'24" East 321.25 feet; thence South 89 degrees 59'03" East 24.75 feet; thence South 0 degree 06'24" West164.50 feet; thence South 89 degrees 59'03" East 280.50 feet to the point of beginning. Excepting therefrom that certain parcel deeded to the City of South Jordan described as follows: Beginning South 0 degree 06'24" West214.5 feet from the center of Section 33, Township 2 South, Range 1 West, Salt Lake Base & Meridian; and running thence South 0degree 06' 24" West 156.75 feet; thence North 89 degrees 59'03" West 40 feet; thence North 0 degree 06'24" East 156.75 feet; thence South 89 degrees 59'03" East 40 feet to the point of beginning. Tax ID : 21-33-328-012-0000

29. 7504 S. 2200 W., West Jordan, UT 84084, more legally described as:

    Commencing 35 rods South of the Northeast corner of the Southeast Quarter of Section 28, Township 2 South, Range 1 West, Salt Lak1 Base and Meridian, and running thence West 20.75 rods; thence South 10 rods, more or less, to a fence; thence East 20.75 rods; thence North 10 rods, more or less, to the place of beginning. Less and Excepting therefrom any portion lying within the bounds of the South Jordan Canal and 2200 West Street Tax ID: 21-28-429-007

30. 1516 W. Culpepper Cir., Taylorsville, UT 84123, more legally described as:

    LOT 4, Brookshire Estates No. 4, according to the official plat thereof on file and of record in the office of the Salt Lake County Recorder. Tax ID: 21-22-258-021

31. Deep Creek Ranch Ibapah, UT 84034, more legally described as:

    PARCEL 1: The Southwest Quarter of Section 22, Township 10 South, Range 19 West, Salt Lake Base and Meridian.

    PARCEL 2: Beginning at the northeast corner of the northwest quarter of Section 27,

Township 10 South, Range 19 West, Salt Lake Base and Meridian, thence south 990 feet; then west 660 feet; thence south 1650 feet more or less to the quarter section line; thence west 1980 feet more or less to the west section line of said section; thence north 2640 feet more or less to the northwest corner of said section; thence east 2640 feet more or less to the point of beginning, together with the right to all the water from Rock Creek and water from Pass Creek as evidenced by water user claim no. WR-17-201, WR-17-187, WR-17-66, WR-17-82 and WR-17-183. Tax ID: 07-097-0-0003 & 07-097-0-0004

32. 9243 Grand Teton Drive, West Jordan, UT 84088, more legally described as:

    Lot 334, Teton Estates No. 3 Subdivision, according to the official plat thereof, as recorded in the office of the Salt Lake County Recorder. Tax ID: 27-06-482-009-0000

B. Any and all assets purchased or investments made using proceeds, whether through Washakie Renewable Energy, United Fuel Supply, or Speedy Lion Renewable Fuel Investments, LLC, and any gains from those investments, including the following:

    1. Jacob Kingston's 125 shares in Mobstar, LTD (Ireland) (including the $10,000 paid by B. Morrissey a purchase option price of the same).

C. $56.3 million loan receivable owed to Washakie Renewable Energy LLC by SBK Holding, AS (Turkey)

D. All of the share interests and other equity of Beck's Sanitation, Inc., a Utah corporation, that Washakie Renewable Energy, LLC (signatory Jacob Kingston) purchased around July 2015.

***Properties listed on ECF No. 1376***

E. The following assets related to the physical plant that was once known as Washakie Renewable Energy, LLC, located at 8100 W 24000 N Plymouth, Utah:

    (1) The biodiesel production plant and all equipment contained or affixed therein;

    (2) The crush plant, the warehouse, and all equipment contained or affixed therein

    (3) The liquid storage tank farm; and

    (4) The rail line; and

    (5) all profits derived from lease payments paid or owed for, and that are attributable to, the use of the (i) biodiesel production plant and all equipment

contained or affixed therein; (ii) the crush plant, the warehouse, and all equipment contained or affixed therein; (iii) the liquid storage tank farm; and (iv) the rail line.

F. Proceeds from the sale of 2072 East Creek Road, Sandy, Utah

G. Proceeds from the sale of 1901-1903 W. Magnolia Blvd, Burbank, California

H. Proceeds from the sale of 5761 S. Anderson Street, Vernon, California,

I. Proceeds from the sale of 6507 Teesdale, Valley Glen, California

J. Proceeds from the sale of 160 E. Alondra Blvd, Carson, California

K. Proceeds from the sale of 12026 Hoffman St., #302, Los Angeles, California

L. Real property located at:

1. 16572 Somerset Lane, Huntington Beach, California, more legally described as:

   TR 4677 LOT 36 all-inc adjacent wharfage rights in a defined area of 400 FT Channel, SH AS AP 178-023-13, Tax ID: 178-411-03

2. 1605 Cactus Road, San Diego, California, more legally described as:

   LOTS 1 and 2 of Otay Heights Business Park, Unit No. 1, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 13000, filed in the Office of the County Recorder of San Diego County on December 15, 1992. EXCEPTING from LOT 1, that portion Deeded to the City of San Diego by Document recorded March 12, 1997 as Document No. 1997-109895 and described as follows: All that portion of LOT 1 of Otay Heights Business Park, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 13000, filed in the Office of the County Recorder of San Diego County December 15, 1992 described as follows: Commencing at the Northeast corner of said Lot 1; thence North 88 degrees 26' 18" West 217.78 feet, along the North line of said Lot 1, to the beginning of a curve, concave Southeasterly and having a radius of 40.00 feet, said beginning of a curve being the point of beginning; thence Southwesterly along the arc of said curve, a distance of 63.26 feet, through a central angle of 90 degrees 36' 55"; thence North 89 degrees 03' 12" West 5.00 feet to the West line of said Lot 1; thence North 0 degree 56' 46" East 20.22 feet, along the West line of said Lot 1, to the beginning of a curve, concave Southeasterly, having a radius of 20.00 feet; thence Northeasterly along the arc of said curve, a distance of 31.63 feet through a central angle of 90 degrees 36' 58", a radial line bears North 1 degree 33' 42" East, to a point of cusp on the North line of said Lot 1; thence South 88 degrees 26' 18" East 25.22 feet, along the North line of said Lot 1, to the point of beginning. Also Known

as: 1605 Cactus Road, San Diego, CA 92154. APN Numbers: 646-270-11-00 and 646-270-02-00

3. 13720 Vanowen Street, Van Nuys, California, more legally described as:

The Northerly 210.40 feet of the Easterly 300 feet of Lot 7 of Tract No. 1000 as per Map recorded in Book 19, Pages 1 to 34 inclusive of Map in the Office of the County Recorder of said County. Except therefrom the Easterly 160 feet of said Land. Also excepting at minerals, coal oils, petroleum and kindred substances and natural gas under and in said land. Also known as: 13720 Vanowen Street, Van Nuys, CA 91405. APN Number: 2238-010-030

4. 7004 Camino Maquiladora, San Diego, California, more legally described as:

All that certain real property situated in the County of San Diego, State of California, described as follows: Lots 1 and 2 of Otay Heights Business Park, Unit No. 1, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 13000, filed in the Office of the County Recorder of San Diego County on December 15, 1992. EXCEPTING from Lot 1, that portion Deeded to the City of San Diego by Document recorded March 12, 1997 as Document No. 1997-109895 and described as follows: All that portion of Lot 1 of Otay Heights Business Park, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 13000, filed in the Office of the County Recorder of San Diego County December 15, 1992 described as follows: Commencing at the Northeast corner of said Lot 1; thence North 88 degrees 26' 18" West 217.78 feet, along the North line of said Lot 1, to the beginning of a curve, concave Southeasterly and having a radius of 40.00 feet, said beginning of a curve being the point of beginning; thence Southwesterly along the arc of said curve, a distance of 63.26 feet, through a central angle of 90 degrees 36' 55"; thence North 89 degrees 03' 12" West 5.00 feet to the West line of said Lot 1; thence North 0 degree 56' 46" East 20.22 feet, along the West line of said Lot 1, to the beginning of a curve, concave Southeasterly, having a radius of 20.00 feet; thence Northeasterly along the arc of said curve, a distance of 31.63 feet through a central angle of 90 degrees 36' 58", a radial line bears North 1 degree 33' 42" East, to a point of cusp on the North line of said Lot 1; thence South 88 degrees 26' 18" East 25.22 feet, along the North line of said Lot 1, to the point of beginning. Also Known as: 1605 Cactus Road, San Diego, CA 92154. APN Numbers: 646-270-11-00 and 646-270-02-00

5. 14021 Margate Street, Sherman Oaks, California, more legally described as:

Parcel A of Parcel Map LA NO. 2009-3920, in the city of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 372, PAGES 70 and 71 of parcel maps, in the office of the county recorder of said county. Except therefrom all oil, gas, minerals and other hydrocarbon substances, lying below a

depth of 500 feet, without the right of surface entry. Also known as: 14027 Margate Street, Los Angeles, CA 91401 Tax ID : 2247-018-032

6. Parcel APN: 427-111-11 Mojave, California, in the name of Desert Properties, Holding, LLC, more legally described as:

   Parcel 2 of Parcel Map 885, in the County of Kern, State of California, as per map recorded in BOOK 7, PAGE 76 of Parcel maps, in the office of the County Recorder of said county. More commonly known as: APN: 427-111-11, Mojave, CA 93501

7. Parcel APN: 427-111-08 Mojave, California, in the name of Desert Properties, Holding, LLC, more legally described as:

   Parcels 1 of Parcel Map No. 885, in the County of Kern, State of California, as per map recorded in BOOK 7, PAGE 76 of Parcel Maps, in the office of the County Recorder of said county. More commonly known as: APN: 427-111-08, Mojave, CA 93501

8. Parcel APN: 427-111-10 Mojave, California, in the name of Desert Properties, Holding, LLC, more legally described as:

   Parcel 3 of Parcel Map No. 885, in County of Kern, State of California, as per map recorded in BOOK 7, PAGE 76 of parcel maps, in the Office of the County Recorder of said county. More commonly known as: APN: 427-111-10, Mojave, CA 93501

9. Willowcrest Apartments, 5217 Willowcrest Avenue, Los Angeles, California, more legally described as:

   That portion of LOT 163 of property of Lankershim Ranch land and water company in the City of Los Angeles County of Los Angeles State of California as per map recorded in BOOK 31 PAGES 39 through inclusive of miscellaneous records in the office of the County Recorder of said county described as follows commencing at the Southeast corner of said LOT 163 thence South 89 54'10 West along the South line of said lot 155 03 feet thence North 10 13'04 West 150 feet to the true point of beginning thence South 880 54 10 West parallel with the South line of said Lot 150 02 feet thence North 10 13'07 West 50 feet thence North 880 54 10 East parallel with the South line of said Lot 15002 feet thence South 1 13'04 East 50 feet to the point of beginning except therefrom the Easterly 25 feet thereof also except therefrom any portion thereof lying with lines of Willow Crest Avenue as widened to 60 feet the above described property is shown as part of parcel 147 on licensed surveyor S Map recorded in BOOK 13 PAGE 16 of record of surveys of said county. Also known as: 5217 Willowcrest Avenue, (North Hollywood Area) Los Angeles, CA 91601

10. 9153 Stellar Court, Corona, California, more legally described as:

Parcel A: Parcel 2 of lot line adjustment No. 4546. Recorded March 11, 2003 as instrument No. 03-169962 of official records. Being more particularly described as follows: That portion of Parcel 8 of Parcel Map 28834-2, in the unincorporated area of the county of Riverside, State of California, as per map recorded in Book 198, Pages 97 through 101. Inclusive of parcel maps. In the office of the County Recorder of said county and that portion of parcel A (portion of Parcel 7 of said Parcel Map 28834-2) of lot merger 1339 recorded December 11, 2002 as instrument No. 2002-741246 of official records of said county, more particularly described as follows: Beginning at the most Westerly corne4r of said Parcel 8, said point being on the Southeasterly right-of-way of stellar court distant 33.00 feet from the Centerline thereof; thence North 61 Degrees 42' 54" East along said right-of-way, 30.41 feet to the true point of beginning; thence continuing along said right-of-way, 200.60 feet; thence South 28 degrees 17' 06" East, 117.37 feet; thence North 61 degrees 42' 54" East parallel to said Southeasterly right-of-way, 33.86 feet; thence South 28 degrees 17' 06" East, 155.57 feet; thence South 31 degrees 06" 12" East, 32.85 feet; thence South 28 degrees 12' 10" East to a point on the Northwesterly right-of-way Brown Canyon channel distant 18.25 feet from the centerline thereof, 102.58 feet; thence South 55 degrees 49' 12" West along said Northwesterly right-of-way, 197.95 feet; thence North 28 degrees 17' 06" West, 89.99 feet; thence North 24 degrees 42' 09" West, 32.99 feet; thence North 28 degrees 17' 06" West, 156.67 feet; thence South 61 degrees 42' 54" West parallel to said right-of-way, 9.02 feet; thence North 28 degrees 18' 03" West, 74.65 feet; thence South 61 degrees 42' 54" West parallel to said right-of-way, 32.04 feet; thence North 28 degrees 17' 06" West, 74.44 feet to the true point of beginning.

PARCEL B: An easement for mutual access and private utility purposes over that portion of Parcel 1 of lot line adjustment No. 4546. Recorded March 11, 2002 as instrument No. 2003-169962 of official records, as set forth in Deed recorded July 15, 2008 as instrument No.  2008-0385493 of official records.

PARCEL C: An easement for mutual access purposes over that portion of Parcel 3 of lot line adjustment No. 4546. Recorded March 11, 2003 as instrument No. 2003-169962 of official records. As set forth in Deed recorded July 15, 2008 as Instrument No. 2008-0385492 of official records.

PARCEL D: An easement for private water purpose over that portion of Parcel 3 of lot line adjustment No. 4546. Recorded March 11, 2003 as instrument No. 2003-169962 of official records. As set forth in Deed recorded July 15, 2008 as instrument No. 2008-0385491 of official records.

PARCEL E: An easement for building encroachment purposes over that portion of Parcel 3 of lot line adjustment No. 4546. Recorded March 11, 2002 as Instrument No. 2003-169962 of official records. As set forth in Deed recorded July 15, 2008 as Instrument No. 2008-0385490 of official records. Tax ID : 283-440-017

11. Belize Real Property – A parcel in the Banque Free Zone, Belize, described as Parcel 3628, Block 23, titled in the name of G.T. Energy, LLC

**Vehicles**

M. 2010 Bugatti Veyron, Vehicle Identification Number ("VIN") VF9SC2C23AM795205.

N. 2015 Lamborghini Aventador, VIN: ZHWUR1ZD2FLA03759

**Other Assets**

O. "Kazi loan receivable" identified as the outstanding amount of principal and interest due on June 21, 2013, loan to Zubair Kazi in the amount of $11,226,211.21.

P. Solar turbines and related equipment paid for by the $3,900,000 wire transfer to Hendrix Henergy

Q. Compressors purchased by Century Energy or Industrial Energy Solutions

R. Industrial Equipment and/or storage tank purchased by Century Energy or Industrial Energy Solutions

S. Any asset purchased or traced to the $275,000 transfer on 11/20/19 to Century Energy account #9961 ("welding machines, skid manufacturing, and a 5-ton crane")

T. Cash/Currency in the amount of $9,104,500.00 representing cash in lieu of the Motor Yacht *Queen Anne,* registered in the Cook Islands, No. 2732, IMO #9704958, Call Sign E5U3623, which was sold by interlocutory sale based upon this Court's order in Case No. 2:21-cr-140, ECF No. 19.

**General Orders of Forfeiture**

Pursuant to Rule 32.2(b)(2)(C), the United States is entitled to a General Order of Forfeiture against the following for any and all property that constitutes or is derived from proceeds of mail fraud, or that constitutes property involved in money laundering, or property traceable to such property:

U. SBK Holdings USA, Inc,

V. Century Energy

W. The $4 million that remained at Komak Isi Yalitim Sistamleri Sanayi (Turkey) after being transferred to Komak on 12/31/13, and the $3,810,000 transferred to Komak Isi Yalitim Sistamleri Sanayi (Turkey) by Noil Energy on 3/22/16

X. SBK Holdings, AS

Y. Biofarma, Ilac, AS (Turkey)

Z. Isanne SARL (Luxembourg)

AA. Mega Varlik Yonetim (Turkey)

BB. Setap Teknoloji (Turkey), and Blane Teknologi, AS (Turkey)

CC. G.T. Energy LLC (including the $1 Million Certificate of Deposit purchased on June 2, 2016)

DD. Alptekin Ylimaz.

EE. DK Zvezda

FF. Speedy Lion

GG. Pillar Law Group

# Exhibit B

Domestic Wire Transfer Confirmation
Kazi Foods of New York Inc.
10/03/2013 10:05

Tracking ID: [redacted]6800
Application ID: [redacted]4942

**Template Info**

| | | | |
|---|---|---|---|
| Template Name | KMX TO KMX BOA 3140 | Template Nickname | KMX TO KMX BOA 3140 |
| Template ID | 000000000007505308 | Template Limit | $2,000,000.00 |

**Send Wire To**

**Beneficiary Info**

| | |
|---|---|
| Beneficiary Name | KAZI MANAGEMENT ST CROIX |
| Nickname | |
| Address 1 | 227 KING STREET |
| Address 2 | ST CROIX VI 00840 |
| City | FEDERIKSTED |
| State | |
| ZIP Code | |
| Contact Person | SHAMBHU ACHARYA |
| Beneficiary Scope | Business |
| Account Number | [redacted]140 |
| Account Type | Checking |

**Beneficiary Bank Info**

| | |
|---|---|
| Bank Name | BANK OF AMERICA, N.A., NY |
| Address 1 | |
| Address 2 | |
| City | NEW YORK |
| State | New York |
| ZIP Code | |
| FED ABA | 026009593 |

**Debit Info**

| | |
|---|---|
| Debit Account | [redacted]2953-Checking - Kazi Mgmt St Croix LLC - USD |
| Amount | $1,400,000.00 |
| Requested Value Date | 10/3/13 |
| Expected Value Date | 10/3/13 |

**Reference for Beneficiary**

KAZI FOODS

**Originator to Beneficiary Information**

INTRA COMPANY TRANSFER

**Bank to Bank Information**

**By Order Of Information**

Name
Address 1
Address 2
Address 3
Account Number

Confidential

**Domestic Wire Transfer Confirmation**
**Kazi Foods of New York Inc.**
**10/01/2013 13:43**

**Tracking ID:** [redacted]5900
**Application ID:** [redacted]8526

## Send Wire To

### Beneficiary Info

| | |
|---|---|
| Beneficiary Name | KAZI MANAGEMENT ST CROIX |
| Nickname | |
| Address 1 | 227 KING STREET |
| Address 2 | ST CROIX VI 00840 |
| City | FEDERIKSTED |
| State | |
| ZIP Code | |
| Contact Person | SHAMBHU ACHARYA |
| Beneficiary Scope | Business |
| Account Number | [redacted]3140 |
| Account Type | Checking |

### Beneficiary Bank Info

| | |
|---|---|
| Bank Name | BANK OF AMERICA, N.A., NY |
| Address 1 | |
| Address 2 | |
| City | NEW YORK |
| State | New York |
| ZIP Code | |
| FED ABA | 026009593 |

### Debit Info

| | |
|---|---|
| Debit Account | [redacted]2953-Checking - Kazi Mgmt St Croix LLC - USD |
| Amount | $600,000.00 |
| Requested Value Date | 10/1/13 |
| Expected Value Date | 10/1/13 |

### Reference for Beneficiary

KAZI FOODS

### Originator to Beneficiary Information

INTRA COMPANY TRANSFER
WIRE TRANSFER PER ZUBAIR KAZI

### Bank to Bank Information

### By Order Of Information

| | |
|---|---|
| Name | |
| Address 1 | |
| Address 2 | |
| Address 3 | |
| Account Number | |

Confidential

# Exhibit C

Bank of America

P.O. Box 15284
Wilmington, DE 19850

AI 0 318 361 947 014789 #@01 AV 0.381

KAZI MANAGEMENT ST. CROIX, LLC
3671 SUNSWEPT DR
STUDIO CITY, CA 91604-2325

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Full Analysis Business Checking - Small Business

for June 1, 2014 to June 30, 2014 Account number: [redacted] 3140

**KAZI MANAGEMENT ST. CROIX, LLC**

## Account summary

| | |
|---|---|
| Beginning balance on June 1, 2014 | $2,010,000.00 |
| Deposits and other credits | 0.00 |
| Withdrawals and other debits | -1,000,000.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on June 30, 2014** | **$1,010,000.00** |

\# of deposits/credits: 0

\# of withdrawals/debits: 1

\# of days in cycle: 30

Average ledger balance: $1,110,000.00

Effective June 2014, the Deposit Agreement and Disclosures booklet ("Booklet") which governs your account has been updated. The account will continue to be subject to the Booklet as updated from time to time. Please contact your account representative to receive the updated version. Continued use of this account indicates your agreement to be bound by the terms and conditions contained in this Booklet.

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

Change of address - Please call us at the telephone number listed on the front of this statement to tell us about a change of address.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our banking centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you for, and you agree to not make a claim against us for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us at the telephone number listed on the front of this statement to find out if the deposit was made as scheduled. You may also review your activity online or visit a banking center for information.

© 2013 Bank of America Corporation

**Bank of America, N.A. Member FDIC and Equal Housing Lender**

Your checking account

Bank of America

KAZI MANAGEMENT ST. CROIX, LLC | Account #[redacted]140 | June 1, 2014 to June 30, 2014

## Withdrawals and other debits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|---|---|---|---|---|
| 06/04/14 | CD OPENING FDES NWA 0057786 NBK2Y3A | | [redacted]015 | -1,000,000.00 |
| **Total withdrawals and other debits** | | | | **-$1,000,000.00** |

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) |
|---|---|---|---|
| 06/01 | 2,010,000.00 | 06/04 | 1,010,000.00 |

✓ To help you BALANCE YOUR CHECKING ACCOUNT, print a copy of the "How to Balance Your Bank of America Merrill Lynch Account" page by visiting CashPro® University at cashproonline.bankofamerica.com.

This page intentionally left blank

# Exhibit D

**CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT**

This Confidential Settlement and General Release Agreement (hereinafter "Agreement") is entered into by and between the following parties:

- **Individual Parties**: ZUBAIR KAZI AND KHATIJA KAZI, his wife ("KAZI"): and
- **Corporate Parties**: WASHAKIE RENEWABLE ENERGY, LLC ("WASHAKIE"). LION'S AVIATION LLC ("LION'S") , FIRST AMERICAN TITLE INSURANCE COMPANY, INC. ("FTI") and KAZI FOODS, INC. ("KAZI FOODS").

**RECITALS**

A. Disputes have arisen between the parties in some form or another. Said dispute resulted in the filing of a lawsuit filed before the Los Angeles County Superior Court, identified as follows: *Zubair Kazi and Khatija Kazi v. Washakie Renewable Energy, LLC; Lion's Aviation LLC and American Title Insurance Company, Inc.*, being Case No.: EC062927 (the "Lawsuit"). Said Lawsuit definition shall include all of the claims and counterclaims made by any of the parties therein.

B. Plaintiffs and Defendants to the Lawsuit (sometimes collectively, along with Kazi Foods, referred to in this Agreement as the "Parties") wish to resolve the Lawsuit completely among themselves without any admission of liability and to avoid the expense of further litigation.

Now, therefore, for valuable consideration, including the mutual covenants, each of which is a condition to each other promise and covenant contained herein, the Parties agree as follows:

**AGREEMENT**

1. Settlement and Dismissal

In settlement of the Lawsuit, the Parties have agreed

(a) That the recitals set forth above are incorporated in this Agreement;

(b) That certain payments are to be made by a Zubair Kazi solely owned entity, Kazi Foods. to Lion's evidenced by a Note, Security Agreement and Financing Statements ("Payment Documents") all of which are hereto as Exhibit A;

(c) That Washakie and ATI have, or shall, adequate certain consideration from Lion's for the purpose of entering into this Agreement. including, but not limited to the releases stated herein;

(d) That, upon receipt in the amount of the first $140,000 ("Payable Sum") payable under the Payment Documents from Kazi Foods, Inc., Washakie and Lion's shall execute and have recorded, within five (5) days of the receipt of the Payable Sum, the Substitution of Trustee and Deed of Full Reconveyance to all the real properties named in the Lawsuit against which Deeds of Trust have been recorded by Washakie and Lion's; and

(e) The dismissal of the Lawsuit with prejudice within five (5) days of the execution of this Agreement by the Parties, except as set forth in Section 3 (b) below.

2. Good Faith Settlement

The Parties agree and stipulate that this Agreement is made in good faith between the Parties, and each of them, as those terms are defined pursuant to *California Code of Civil Procedure* §§ 877 and 877.6, and entered into voluntarily without any duress, undue influence, fraud or collusion on the part of, or on behalf of, any other party.

3. Governing Law

(a) This Agreement shall be construed, enforced, and governed by the laws of the State of California, with venue exclusively in Los Angeles County, California.

(b) Notwithstanding the dismissal of the case as described in Section 1 (e) above, the Court in this Lawsuit shall retain jurisdiction to enforce the terms of this Agreement pursuant to Code of Civil Procedure Section 664.6 or by any other procedure permitted by law in the Los Angeles County Superior Court.

4. Mutual Release Of Claims

In consideration for the provisions of this Agreement and the payment and continuing payments of the settlement sums and releases contained herein, and except for the obligations of the parties as set forth in Section 1 herein, the Parties hereto release, acquit and forever discharge each other ("Release"), pertaining to the pending lawsuit: *Zubair Kazi and Khatija Kazi v. Washakie Renewable Energy, LLC; Lion's Aviation LLC and American Title Insurance Company, Inc.*, being Case No.: EC062927, including the following parties:

**Individual Parties**: ZUBAIR KAZI AND KHATIJA KAZI, his wife, and

**Corporate Parties**: WASHAKIE RENEWABLE ENERGY, LLC, LION'S AVIATION LLC, FIRST TITLE INSURANCE COMPANY, INC., and KAZI FOODS, INC.

The Release extends to the foregoing Parties, their past and present officers, directors, agents, employees, attorneys, owners, shareholders, insurers, subsidiaries, divisions, partners, beneficiaries, relatives, heirs, spouses, executors, administrators, and assigns, predecessors, successors, servants, associates, divisions or affiliated corporations, whether previously or hereinafter affiliated in any manner, from any and all claims, demands, causes of lawsuit, obligations, damages, attorneys' fees, costs and liabilities of any nature whatsoever, whether known or unknown, suspected or claimed, which any Party ever had, now has, or may claim to have by reason of any matter, cause or thing, alleged in the Lawsuit or which could have been alleged in the Lawsuit subject to this Agreement.

This Release includes any claims or demands for damages (special, general, restitutionary, restorative, or punitive), compensatory damages, injunctive or declaratory relief, liquidated damages, penalties, equitable relief, attorneys' fees, costs of court, disbursements, interest, and any and all other loss, expense, or detriment of whatever kind or character resulting from, growing out of, connected with or related in any way to the subject of the Lawsuit.

The Release set forth herein shall not release any Party from performing those items set forth in Section 1 contained herein.

5. Waiver of *Civil Code* § 1542 Rights

Each party hereto expressly waives any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6. Representations and Warranties

(a) The Parties represent and warrant that they are the sole and lawful owners of all claims they are releasing herein, that they have the power and authority to execute a release of any such claims, and that they have not heretofore assigned or transferred any such claims to any person, corporation, or entity.

(b) Each party has made an investigation of the facts pertaining to this Agreement and of all matters pertaining thereto as deemed necessary.

(c) Each of the Parties to this Agreement acknowledges and represents that it has been represented by independent counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, and that it freely and voluntarily executed this Agreement.

(d) Each of the Parties to this Agreement further acknowledges and represents that it has read this Agreement in its entirety and has had the terms used herein and the consequences thereof explained by said independent counsel.

(e) In satisfaction of Section 1 (c) of this Agreement, Lion's represents that is has paid or will pay good and valuable consideration to both Washakie and FTI, and Washakie and FTI represent that they have received good and valuable consideration from Lion's, for the purpose of this Agreement and Release.

7. Fully Integrated Agreement

This Agreement memorializes and constitutes the entire agreement and understanding between the Parties pertaining to the subject matter of this Agreement and the Lawsuit, and supersedes and replaces all prior or contemporaneous negotiations. proposed agreements, and agreements, whether written or unwritten.

8. Successors and Assigns

This Agreement shall inure to the benefit of, and shall be binding upon, the heirs, successors, and assigns of the parties hereto and each of them.

9. Severability

If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted, and neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions.

10. Counterparts

This Agreement may be executed and delivered in multiple originals counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute but one and the same instrument and Agreement and the whole shall be binding on all the parties hereto. Because time is of the

essence, it is agreed that fax signatures shall be deemed originals. This Agreement shall be deemed to be executed on the last date any such counterpart is executed (hereinafter, the "Effective Date").

11. Waiver

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any time or more times be deemed a waiver or relinquish of any right or power at any other time or times.

12. Confidentiality

The contents and the existence of this Agreement, and the Parties' discussions pertaining to it, are and shall remain confidential, and neither Party will communicate or allow communication in any manner (written or oral) to anyone with respect thereto, except (1) for purposes of enforcing this Agreement pursuant to *California Code of Civil Procedure* § 664.6; (2) by order of the court or as otherwise required by law; (3) to any auditors, accountants, tax preparers, attorneys or relevant tax authorities as may be appropriate for the disclosing party's or insurer's legitimate business purpose.

13. Attorneys' Fees and Costs

(a) In any action to enforce or interpret this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and out of pocket costs.

(b) All Parties shall bear their own attorneys' fees and costs with respect to this Agreement and the Lawsuit.

**IN WITNESS WHEREOF**, the Parties hereto and their respective attorneys have each approved an executed this Agreement on the date set forth opposite their respective signatures.

**[Signatures follow on the next page]**

**WASHAKIE RENEWABLE ENERGY, LLC**

2-6-15

Defendant Washakie Renewable Energy, LLC — Date

By: Jacob Kingston

Its:

State of Nevada
County of
Signed and Sworn to before me on this 02.06.15 by Jacob Kingston and Levon Termendzhyan.

G. VANOYAN
Notary Public, State of Nevada
Appointment No. 11-5212-1
My Appt. Expires June 6, 2015

**LION'S AVIATION LLC**

Defendant Lion's Aviation LLC — Date

By: Levon Termendzhyan

Its:

2-6-15

**FIRST AMERICAN TITLE INSURANCE COMPANY, INC.**

2-18-15

Defendant First American Title Insurance Company, Inc. — Date

By: DeeAnn Gregory

Its: Authorized Signatory

**ZUBAIR KAZI**

By: Plaintiff Zubair Kazi — Date

**KHATIJA KAZI**

By: Plaintiff Khatija Kazi — Date

**KAZI FOODS, INC.**

By: Zubair Kazi — Date

Its: President

**WASHAKIE RENEWABLE ENERGY, LLC**

Defendant Washakie Renewable Energy, LLC — Date
By:
Its:

**LION'S AVIATION LLC**

2-4-15
Defendant Lion's Aviation LLC — Date
By:
Its:

**FIRST AMERICAN TITLE COMPANY, INC.**

Defendant First American Title Company, Inc. — Date
By:
Its:

**ZUBAIR KAZI**

By: Plaintiff Zubair Kazi — Date

**KHATIJA KAZI**

By: Plaintiff Khatija Kazi — Date

**KAZI FOODS, INC.**

By: Zubair Kazi — Date
Its: President

# Exhibit E

Domestic Wire Transfer Confirmation
Kazi Foods of New York Inc.
02/20/2015 11:45

Tracking ID: [redacted]3100
Application ID: [redacted]7146

## Send Wire To

### Beneficiary Info

| | |
|---|---|
| Beneficiary Name | PILLAR LAW TRUST ACCOUNT |
| Nickname | SBK HOLDING USA |
| Address 1 | 150 S. Rodeo Dr, Ste 260 |
| Address 2 | |
| City | Beverly Hills |
| State | California |
| ZIP Code | 90212 |
| Contact Person | |
| Beneficiary Scope | Business |
| Account Number | [redacted]4494 |
| Account Type | Checking |

### Beneficiary Bank Info

| | |
|---|---|
| Bank Name | WELLS FARGO BANK, NA |
| Address 1 | |
| Address 2 | |
| City | SAN FRANCISCO |
| State | California |
| ZIP Code | |
| FED ABA | 121000248 |

## Debit Info

| | |
|---|---|
| Debit Account | [redacted]0106-Checking - Kazi Foods Concentration - USD |
| Amount | $210,000.00 |
| Requested Value Date | 2/20/15 |
| Expected Value Date | 2/20/15 |

### Reference for Beneficiary

KAZI FOODS INC

### Originator to Beneficiary Information

WIRE TANSFER FOR NOTE PAYABLE
3 MONTHS INTERST ONLY PAYMENT
FROM DEC 2014 TO FEB 2015

### Bank to Bank Information

### By Order Of Information

Name
Address 1
Address 2
Address 3
Account Number

Confidential

Domestic Wire Transfer Confirmation
Kazi Foods of New York Inc.
03/16/2015 14:04

Tracking ID: [redacted]9800
Application ID: [redacted]9311

## Send Wire To

### Beneficiary Info

| | |
|---|---|
| Beneficiary Name | PILLAR LAW TRUST ACCOUNT |
| Nickname | SBK HOLDING USA |
| Address 1 | 150 S. Rodeo Dr, Ste 260 |
| Address 2 | |
| City | Beverly Hills |
| State | California |
| ZIP Code | 90212 |
| Contact Person | |
| Beneficiary Scope | Business |
| Account Number | [redacted]4494 |
| Account Type | Checking |

### Beneficiary Bank Info

| | |
|---|---|
| Bank Name | WELLS FARGO BANK, NA |
| Address 1 | |
| Address 2 | |
| City | SAN FRANCISCO |
| State | California |
| ZIP Code | |
| FED ABA | 121000248 |

## Debit Info

| | |
|---|---|
| Debit Account | [redacted]2953-Checking - Kazi [redacted] Croix LLC - USD |
| Amount | $70,000.00 |
| Requested Value Date | 3/16/15 |
| Expected Value Date | 3/16/15 |

### Reference for Beneficiary

KAZI FOODS INC

### Originator to Beneficiary Information

WIRE TRANSFER FOR NOTE PAYABLE
INTEREST ONLY PAYMENT TO MR. JACOB

### Bank to Bank Information

### By Order Of Information

Name
Address 1
Address 2
Address 3
Account Number

Confidential

## Payments

### View Payment Details

**The payment is still being processed. Please refer to the payment list for details.**

| | | | |
|---|---|---|---|
| **Payment ID** | 7245955 | **Payment Status** | Accepted |
| **Payment Type** | Domestic Wire | **Payment Date** | 4/15/2015 |
| **Template Name** | KLA TO PILLAR LAW TRUST ACCOUNT (JACOB) | **Creator Name** | QD9GQ000 |
| **Template Payment Restriction** | Non-Restrictive | | |

**Payment Details** History

Edit Approve Decline Cancel

#### Originating Party Details

| | | | |
|---|---|---|---|
| **Debit Account** | [redacted]0106 | **Business Unit** | Kazi Foods of New York Inc. |
| **Account Currency** | USD | **Security Level** | Default |
| **Sender's Reference** | KAZI FOODS INC | | |

#### Payment Information

| | | | |
|---|---|---|---|
| **Payment Amount** | $70,000.00<br>*Seventy thousand and 00/100* | **Payment Date** | Apr 15, 2015 |

#### To-Receivers

| | | | |
|---|---|---|---|
| **Name** | PILLAR LAW TRUST ACCOUNT | **Address 1** | 150 S. Rodeo Dr, Ste 260 |
| **Receiver ID** | PILLAR LAW TRUST ACCOUNT | **Address 2** | |
| **Credit Account** | [redacted]4494 | **City** | Beverly Hills |
| **Security Level** | Default | **State** | CA |
| **Secure Receiver** | ☐ | **Zipcode** | 90212 |
| | | **Country** | United States |

#### Receiver Bank Details

| | | | |
|---|---|---|---|
| **Bank Name** | WELLS FARGO BANK, NA | **Address 1** | Address Line 1 |
| **Bank ID Type** | ABA | **Address 2** | |
| **Bank ID** | 121000248 | **City** | SAN FRANCISCO |
| | | **State** | CA |
| | | **Zipcode** | |
| | | **Country** | United States |

#### Originator Information

| | | | |
|---|---|---|---|
| **Originator Name** | Kazi Management St Croix LLC | **Originator to Beneficiary Info** | WIRE TRANSFER FOR NOTE PAYABLE - MR. JACOB AND KLA NOTE PAYABLE |
| **Address 1** | A 1 A Estate Thomas | | |
| **Address 2** | Po Box 11239 | | |
| **City** | St Thomas VI | | |

### Originating Party Details

| | |
|---|---|
| **Debit Account** | Kazi Foods Concentration-[redacted]0106 |
| **Account Currency** | USD |
| **Sender's Reference** | KAZI FOODS INC |
| **Business Unit** | Kazi Foods of New York Inc. |
| **Security Level** | Default |

### Payment Information

| | |
|---|---|
| **Payment Amount** | $70,000.00<br>*Seventy thousand and 00/100* |
| **Payment Date** | May 19, 2015 |

### To-Receivers

| | |
|---|---|
| **Name** | PILLAR LAW TRUST ACCOUNT |
| **Receiver ID** | PILLAR LAW TRUST ACCOUNT |
| **Credit Account** | [redacted]4494 |
| **Security Level** | Default |
| **Secure Receiver** | ☐ |
| **Address 1** | 150 S. Rodeo Dr, Ste 260 |
| **Address 2** | |
| **City** | Beverly Hills |
| **State** | CA |
| **Zipcode** | 90212 |
| **Country** | United States |

### Receiver Bank Details

| | |
|---|---|
| **Bank Name** | WELLS FARGO BANK, NA |
| **Bank ID Type** | ABA |
| **Bank ID** | 121000248 |
| **Address 1** | Address Line 1 |
| **Address 2** | |
| **City** | SAN FRANCISCO |
| **State** | CA |
| **Zipcode** | |
| **Country** | United States |

### Originator Information

| | |
|---|---|
| **Originator Name** | Kazi Management St Croix LLC |

**Payment ID:** 10268491

**Payment Status:** Submitted

**Payment Type:** Domestic Wire

**Payment Date:** Jun 19, 2015

**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Jun 19, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT

**Receiver ID:** PILLAR LAW TRUST ACCOUNT

**Credit Account:** [redacted]4494

**Security Level:** Default

**Secure Receiver:** No

**Address 1:** 150 S. Rodeo Dr, Ste 260

**Address 2:**

**City:** Beverly Hills

**State:** CA

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA

**Bank ID Type:** ABA

**Bank ID:** [redacted]0248

**Address 1:** Address Line 1

**Address 2:**

**City:** SAN FRANCISCO

**State:** CA

**Zipcode:**

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VT

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE

**Confidential:** No

**Payment ID:** 11801581
**Payment Status:** Accepted
**Payment Type:** Domestic Wire
**Payment Date:** Jul 21, 2015
**Template Name:** KLA TO PILLAR LAW
**Creator Name:** QD9GQ000
**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106
**Business Unit:** 3860789
**Currency:** USD
**Security Level:** Default
**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00
**Payment Date:** Jul 21, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT
**Receiver ID:** PILLAR LAW TRUST ACCOUNT
**Credit Account:** [redacted]494
**Security Level:** Default
**Secure Receiver:** No
**Address 1:** 150 S. Rodeo Dr, Ste 260
**Address 2:**
**City:** Beverly Hills
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA
**Bank ID Type:** ABA
**Bank ID:** 121000248
**Address 1:** Address Line 1
**Address 2:**
**City:** SAN FRANCISCO
**State:** CA
**Zipcode:**
**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC
**Address 1:** A 1 A Estate Thomas
**Address 2:** Po Box 11239
**City:** St Thomas VI
**State:** VT
**Zipcode:** 00802
**Bank to Bank Info:**
**Originator to Beneficiary Info:** KAZI FOODS WIRE TRANSFER FOR NOTE P-@-AYABLE TO MR JACOB
**Confidential:** No

**Payment ID:** 14502089

**Payment Status:** Submitted

**Payment Type:** Domestic Wire

**Payment Date:** Sep 1, 2015

**Template Name:** KLA TO PILLAR LAW

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Sep 1, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT

**Receiver ID:** PILLAR LAW TRUST ACCOUNT

**Credit Account:** [redacted]494

**Security Level:** Default

**Secure Receiver:** No

**Address 1:** 150 S. Rodeo Dr, Ste 260

**Address 2:**

**City:** Beverly Hills

**State:** CA

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA

**Bank ID Type:** ABA

**Bank ID:** 121000248

**Address 1:** Address Line 1

**Address 2:**

**City:** SAN FRANCISCO

**State:** CA

**Zipcode:**

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VT

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** KAZI FOODS WIRE TRANSFER FOR NOTE P-@-AYABLE TO MR JACOB

**Confidential:** No

**Payment ID:** 15395622

**Payment Status:** Accepted

**Payment Type:** Domestic Wire

**Payment Date:** Oct 2, 2015

**Template Name:** KLA TO PILLAR LAW

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Oct 2, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT

**Receiver ID:** PILLAR LAW TRUST ACCOUNT

**Credit Account:** [redacted]494

**Security Level:** Default

**Secure Receiver:** No

**Address 1:** 150 S. Rodeo Dr, Ste 260

**Address 2:**

**City:** Beverly Hills

**State:** CA

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA

**Bank ID Type:** ABA

**Bank ID:** 121000248

**Address 1:** Address Line 1

**Address 2:**

**City:** SAN FRANCISCO

**State:** CA

**Zipcode:**

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VT

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** KAZI FOODS WIRE TRANSFER FOR NOTE P-@-AYABLE TO MR JACOB

**Confidential:** No

**Payment ID:** 17390155
**Payment Status:** Submitted
**Payment Type:** Domestic Wire
**Payment Date:** Nov 6, 2015
**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)
**Creator Name:** QD9GQ000
**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106
**Business Unit:** 3860789
**Currency:** USD
**Security Level:** Default
**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00
**Payment Date:** Nov 6, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT
**Receiver ID:** PILLAR LAW TRUST ACCOUNT
**Credit Account:** [redacted]4494
**Security Level:** Default
**Secure Receiver:** No
**Address 1:** 150 S. Rodeo Dr, Ste 260
**Address 2:**
**City:** Beverly Hills
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA
**Bank ID Type:** ABA
**Bank ID:** 121000248
**Address 1:** Address Line 1
**Address 2:**
**City:** SAN FRANCISCO
**State:** CA
**Zipcode:**
**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC
**Address 1:** A 1 A Estate Thomas
**Address 2:** Po Box 11239
**City:** St Thomas VI
**State:** VT
**Zipcode:** 00802
**Bank to Bank Info:**
**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE
**Confidential:** No

**Payment ID:** [redacted]3729

**Payment Status:** Submitted

**Payment Type:** Domestic Wire

**Payment Date:** Dec 9, 2015

**Template Name:** KLA TO PILLAR LAW

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Dec 9, 2015

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT

**Address 1:** 150 S. Rodeo Dr, Ste 260

**Receiver ID:** PILLAR LAW TRUST ACCOUNT

**Address 2:**

**Credit Account:** [redacted]4494

**City:** Beverly Hills

**Security Level:** Default

**State:** CA

**Secure Receiver:** No

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA

**Address 1:** Address Line 1

**Bank ID Type:** ABA

**Address 2:**

**Bank ID:** 121000248

**City:** SAN FRANCISCO

**State:** CA

**Zipcode:**

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VI

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** KAZI FOODS WIRE TRANSFER FOR NOTE P-@-AYABLE TO MR JACOB

**Confidential:** No

**Payment ID:** 22095125
**Payment Status:** Accepted
**Payment Type:** Domestic Wire
**Payment Date:** Jan 15, 2016
**Template Name:** KLA TO PILLAR LAW
**Creator Name:** QD9GQ000
**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106
**Business Unit:** 3860789
**Currency:** USD
**Security Level:** Default
**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00
**Payment Date:** Jan 15, 2016

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT
**Receiver ID:** PILLAR LAW TRUST ACCOUNT
**Credit Account:** [redacted]4494
**Security Level:** Default
**Secure Receiver:** No
**Address 1:** 150 S. Rodeo Dr, Ste 260
**Address 2:**
**City:** Beverly Hills
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA
**Bank ID Type:** ABA
**Bank ID:** 121000248
**Address 1:** Address Line 1
**Address 2:**
**City:** SAN FRANCISCO
**State:** CA
**Zipcode:**
**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC
**Address 1:** A 1 A Estate Thomas
**Address 2:** Po Box 11239
**City:** St Thomas VI
**State:** VI
**Zipcode:** 00802
**Bank to Bank Info:**
**Originator to Beneficiary Info:** KAZI FOODS WIRE TRANSFER FOR NOTE P-@-AYABLE TO MR JACOB
**Confidential:** No

**Payment ID:** 24591464
**Payment Status:** Accepted
**Payment Type:** Domestic Wire
**Payment Date:** Feb 12, 2016
**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)
**Creator Name:** QD9GQ000
**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106
**Business Unit:** 3860789
**Currency:** USD
**Security Level:** Default
**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00
**Payment Date:** Feb 12, 2016

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT
**Receiver ID:** PILLAR LAW TRUST ACCOUNT
**Credit Account:** [redacted]494
**Security Level:** Default
**Secure Receiver:** No
**Address 1:** 150 S. Rodeo Dr, Ste 260
**Address 2:**
**City:** Beverly Hills
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA
**Bank ID Type:** ABA
**Bank ID:** 121000248
**Address 1:** Address Line 1
**Address 2:**
**City:** SAN FRANCISCO
**State:** CA
**Zipcode:**
**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC
**Address 1:** A 1 A Estate Thomas
**Address 2:** Po Box 11239
**City:** St Thomas VI
**State:** VI
**Zipcode:** 00802
**Bank to Bank Info:**
**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE
**Confidential:** No

**Payment ID:** 27094070

**Payment Status:** Accepted

**Payment Type:** Domestic Wire

**Payment Date:** Mar 11, 2016

**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Mar 11, 2016

## To-Receiver details

**Name:** PILLAR LAW TRUST ACCOUNT

**Address 1:** 150 S. Rodeo Dr, Ste 260

**Receiver ID:** PILLAR LAW TRUST ACCOUNT

**Address 2:**

**Credit Account:** [redacted]4494

**City:** Beverly Hills

**Security Level:** Default

**State:** CA

**Secure Receiver:** No

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** WELLS FARGO BANK, NA

**Address 1:** Address Line 1

**Bank ID Type:** ABA

**Address 2:**

**Bank ID:** 121000248

**City:** SAN FRANCISCO

**State:** CA

**Zipcode:**

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VT

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE

**Confidential:** No

**Payment ID:** 39590238

**Payment Status:** Processed

**Payment Type:** Domestic Wire

**Payment Date:** Jun 7, 2016

**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)

**Creator Name:** QD9GQ000

**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106

**Business Unit:** 3860789

**Currency:** USD

**Security Level:** Default

**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00

**Payment Date:** Jun 7, 2016

## To-Receiver details

**Name:** PILLAR LAW GROUP, APLC

**Receiver ID:** PILLAR LAW

**Credit Account:** [redacted]3613

**Security Level:** Unmanaged

**Secure Receiver:** No

**Address 1:** 150 S RODEO DR

**Address 2:** SUITE 260

**City:** BEVERLY HILLS

**State:** CA

**Zipcode:** 90212

**Country:** United States

## Receiver Bank Details

**Bank Name:** CITIBANK FSB

**Bank ID Type:** ABA

**Bank ID:** 322271724

**Address 1:** 941 WILSHIRE BLVD

**Address 2:**

**City:** BEVERLY HILLS

**State:** CA

**Zipcode:** 90212

**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC

**Address 1:** A 1 A Estate Thomas

**Address 2:** Po Box 11239

**City:** St Thomas VI

**State:** VT

**Zipcode:** 00802

**Bank to Bank Info:**

**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE

**Confidential:** No

**Payment ID:** 45697192
**Payment Status:** Processed
**Payment Type:** Domestic Wire
**Payment Date:** Jul 14, 2016
**Template Name:** KLA TO PILLAR LAW TRUST ACCOUNT (JACOB)
**Creator Name:** QD9GQ000
**Template Payment Restriction:** Non-Restrictive

## Originating Party Details

**Debit Account:** Kazi Foods Concentration-[redacted]0106
**Business Unit:** 3860789
**Currency:** USD
**Security Level:** Default
**Sender's reference:** KAZI FOODS INC

## Payment Information

**Payment Amount:** 70,000.00
**Payment Date:** Jul 14, 2016

## To-Receiver details

**Name:** PILLAR LAW GROUP, APLC
**Receiver ID:** PILLAR LAW
**Credit Account:** [redacted]3613
**Security Level:** Unmanaged
**Secure Receiver:** No
**Address 1:** 150 S RODEO DR
**Address 2:** SUITE 260
**City:** BEVERLY HILLS
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Receiver Bank Details

**Bank Name:** CITIBANK FSB
**Bank ID Type:** ABA
**Bank ID:** 322271724
**Address 1:** 941 WILSHIRE BLVD
**Address 2:**
**City:** BEVERLY HILLS
**State:** CA
**Zipcode:** 90212
**Country:** United States

## Originator Information

**Originator Name:** Kazi Management St Croix LLC
**Address 1:** A 1 A Estate Thomas
**Address 2:** Po Box 11239
**City:** St Thomas VI
**State:** VT
**Zipcode:** 00802
**Bank to Bank Info:**
**Originator to Beneficiary Info:** WIRE TRANSFER FOR NOTE PAYABLE - MR-@-. JACOB AND KLA NOTE PAYABLE
**Confidential:** No

# Exhibit F

Business Banking

Bank of America

P.O. Box 15284
Wilmington, DE 19850

AF 0 318 680 368 021614 #@01 AV 0.381

KAZI MANAGEMENT ST. CROIX, LLC
3671 SUNSWEPT DR
STUDIO CITY, CA 91604-2325

**Customer service information**

Customer service: 1.888.852.5000

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Full Analysis Business Checking - Small Business

for April 1, 2015 to April 30, 2015

Account number: [redacted]3140

**KAZI MANAGEMENT ST. CROIX, LLC**

## Account summary

| | |
|---|---|
| Beginning balance on April 1, 2015 | $1,010,000.00 |
| Deposits and other credits | 0.00 |
| Withdrawals and other debits | -1,000,000.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on April 30, 2015** | **$10,000.00** |

# of deposits/credits: 0

# of withdrawals/debits: 1

# of days in cycle: 30

Average ledger balance: $743,333.33

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking. Or, you can call our Customer Service team.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our banking centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you for, and you agree to not make a claim against us for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us at the telephone number listed on the front of this statement to find out if the deposit was made as scheduled. You may also review your activity online or visit a banking center for information.

© 2015 Bank of America Corporation

**Bank of America, N.A. Member FDIC and Equal Housing Lender**

Bank of America

Your checking account

KAZI MANAGEMENT ST. CROIX, LLC | Account # [redacted] 3140 | April 1, 2015 to April 30, 2015

## Withdrawals and other debits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|---|---|---|---|---|
| 04/23/15 | 1-3851438688 : | | 924604230001588 | -1,000,000.00 |
| **Total withdrawals and other debits** | | | | **-$1,000,000.00** |

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) |
|---|---|---|---|
| 04/01 | 1,010,000.00 | 04/23 | 10,000.00 |

✓ To help you BALANCE YOUR CHECKING ACCOUNT, print a copy of the "How to Balance Your Bank of America Merrill Lynch Account" page by visiting CashPro® University at cashproonline.bankofamerica.com.

This page intentionally left blank

# Exhibit G

| Date | Payment |
|---|---|
| 6/4/2014 | 1,000,000.00 |
| 2/20/2015 | 210,000.00 |
| 3/16/2015 | 70,000.00 |
| 4/15/2015 | 70,000.00 |
| 4/15/2015 | 70,000.00 |
| 4/23/2015 | 1,000,000.00 |
| 5/19/2015 | 70,000.00 |
| 6/19/2015 | 70,000.00 |
| 7/21/2015 | 70,000.00 |
| 9/1/2015 | 70,000.00 |
| 10/2/2015 | 70,000.00 |
| 11/6/2015 | 70,000.00 |
| 12/9/2015 | 70,000.00 |
| 1/15/2016 | 70,000.00 |
| 2/12/2016 | 70,000.00 |
| 3/11/2016 | 70,000.00 |
| 6/7/2016 | 70,000.00 |
| 7/14/2016 | 70,000.00 |
| | **3,260,000.00** |